IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0944-06






MARK WAYNE LOMAX, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


HARRIS COUNTY





 Johnson, J., filed a dissenting opinion in which Holcomb, J., joined.


D I S S E N T I N G O P I N I O N 



 The state charged applicant with felony murder based on an allegation that he was committing
felony driving while intoxicated when he caused an accident that resulted in a death. Tex. Pen. Code
§19.0(b)(3). Appellant's ground for review asks, "Can a felony murder conviction be based on an
underlying felony that expressly requires no mens rea, despite the fact that in a felony-murder conviction,
the mens rea for the act of murder is supplied by the mens rea of the underlying felony?" The state
responds that appellant's argument lacks merit because the felony-murder statute permits all felonies to be
used as the predicate offense, excepting only manslaughter and its lesser-included offenses. Secondarily,
the state argues that the charged predicate offense here is not intoxication manslaughter, but felony driving
while intoxicated.

 I would argue that using felony driving while intoxicated as the predicate for felony murder is
barred by Tex. Gov't Code §311.026. Special or Local Provision Prevails Over General.

 (a) If a general provision conflicts with a special or local provision, the provisions shall be
construed, if possible, so that effect is given to both.

 (b) If the conflict between the general and the special or local provision is irreconcilable, the special
or local provision prevails as an exception to the general provision, unless the general provision is
the later enactment and the manifest intent is that the general provision prevail.


 The felony-murder section is general, applying to a wide range of offenses. The intoxication
manslaughter statute deals specifically with causing a death as a result of driving while intoxicated, whether
the DWI offense is the first, third, or twenty-third. Ergo, the special provision, § 49.08, should prevail-a
death that result from driving while intoxicated must be prosecuted as intoxication manslaughter. (1)
 This
interpretation is in accord with § 311.1026 regardless of whether it is considered under subsection (a) or
subsection (b). Under subsection (a), effect can be given to both provisions by restricting felony murder
to offenses outside of Chapter 49. We then have no issue of where the mens rea for murder originates,
yet each provision is given effect. Under subsection (b), the special provision, which was created after the
felony-murder statute, prevails for conduct covered by Chapter 49. The question then becomes whether
an amendment at the same time as the creation of the new, special provision manifests an intention that the
general provision prevail. 

 Until 1993, Texas Penal Code Chapter 19 defined homicide as capital murder (§ 19.03), murder
(§ 19.02), voluntary manslaughter (§ 19.04), involuntary manslaughter (§ 19.05), and criminally negligent
homicide (§ 19.07). Involuntary manslaughter covered both "recklessly causes the death of an
individual"and "by accident or mistake when operating a motor vehicle, airplane, helicopter, or boat while
intoxicated and, by reason of such intoxication, causes the death of an individual." Section 19.02(b)(3)
specifically excluded both voluntary and involuntary manslaughter as the underlying offense when the
indictment alleged what has come to be known as felony murder.

 In the 1993 regular session, the Legislature rewrote the Penal Code, with the new provisions to
become effective on September 1, 1994, a year after both the usual effective date for new legislation and
the date on which other changes to the Penal Code went into effect. The new Penal Code created Chapter
49, Intoxication and Alcoholic Beverage Offenses, and drastically reordered Chapter 19.

 In Chapter 19, only capital murder and criminally negligent homicide escaped redefinition. 
Voluntary manslaughter was subsumed by murder as an issue on sudden passion during the punishment
phase of trial. Involuntary manslaughter as defined in § 19.05(a)(1) was renamed manslaughter and
renumbered § 19.04. Section 19.05(a)(2) (2) disappeared from Chapter 19, reappearing in the new Chapter
49 as the new offense of Intoxication Manslaughter (§ 49.08) and couched in terms almost identical to the
terms used in § 19.05(a)(2). (3) Section 19.02(b)(3) reflected the reordering of Chapter 19 and again
specifically excluded "manslaughter" as the underlying offense for felony murder.

 The legislature redesigned the offense of manslaughter by splitting the pre-1994 offense into
separate offenses as if separating conjoined twins, leaving one twin in the chapter on homicide and moving
the other twin into the chapter to which it was most closely related-Intoxication and Alcoholic Beverage
Offenses. The name given to the new offense indicates that the Legislature continued to consider the
offense "manslaughter." The newly redefined manslaughter and newly created intoxication manslaughter,
the separated twins, are the only offenses that are currently designated as "manslaughter." Nowhere in the
new alignment is there evidence of a "manifest intent . . . that the general provision [§ 19.02(b)(3)] prevail." 
Tex. Gov't Code §311.026(b). 

 Intoxication manslaughter was clearly excluded as a basis for felony murder when it was called §
19.05(a)(2); it is no less clearly excluded now that it is called § 49.08. To hold differently is to say that title
overwhelms substance. That has never been our practice; we look to the substance in order to determine
the appropriate disposition. We receive writs labeled mandamus but which are habeas corpus in substance,
and we treat them as habeas corpus applications. Trial courts receive motions that are mistitled, yet
dispose of them on the basis of the pleadings within the motion, not on the basis of the title. As do we. 
See, e.g., Caldwell v. State, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000). (4) This should also be true
here. Intoxication manslaughter is still manslaughter, and it is specifically excluded by § 19.02(b)(3) as a
basis for a charge of felony murder.

 I respectfully dissent.

Filed: June 27, 2007

Publish
1. While it can also be argued that felony DWI is an exception and prosecution as felony murder should be
permitted, a third DWI is not a felony until it is charged as such; it may be charged as a felony or a misdemeanor, at
the prosecutor's discretion. It is not known at the time of the offense whether the offense is a felony or a
misdemeanor.

2. "A person commits an offense if he: . . . (2) by accident or mistake when operating a motor vehicle,
airplane, helicopter, or boat while intoxicated and, by reason of such intoxication, causes the death of an individual."
3. "A person commits an offense if the person: (1) operates a motor vehicle in a public place, an aircraft, or a
watercraft; and (2) is intoxicated and by reason of that intoxication causes the death of another by accident or
mistake." 
4. "Although the applicant labels his motion 'Subsequent Application for Writ of Habeas Corpus and
Motion for Appointment and Compensation of Counsel and Motion for Funding of Mental Health Experts,' it is the
substance of the motion that governs, not the title. The applicant makes clear that he is attempting to avail himself
of the procedures in article 46.04 [Transportation to a Mental Health Facility or Residential Care Facility]. We will
treat the applicant's pleading as a motion under article 46.04, just as the trial court did." Id.