# NO. 12-09-00122-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: DAVID GEORGE BAUGH,* | § | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

---

### *MEMORANDUM OPINION*
### *PER CURIAM*

David George Baugh has been charged with failure to identify, a violation of Texas Penal Code section 38.02(a), and is presently confined in the Cherokee County Jail. In this original proceeding, he seeks a writ of mandamus or, alternatively, a writ of prohibition preventing his prosecution from proceeding, discharging him from the Cherokee County Jail, and dismissing the case with prejudice.[1] In substance, Baugh seeks pretrial habeas relief. *See **Ex parte Caldwell***, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000) (holding that the substance, and not the title governs when interpreting a document). Therefore, we construe the filed document as an application for a pretrial writ of habeas corpus.

The Texas Government Code provides as follows:

Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case. Pending the hearing of an application for a writ of

---

[1] Baugh is presently in the Cherokee County Jail for another alleged offense. Because he requests his "discharge," we assume that his confinement also relates to the offense he complains of here.

> habeas corpus, the court of appeals or a justice of the court of appeals may admit to bail a person to whom the writ of habeas corpus may be granted.

TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004).  Thus, the original jurisdiction of courts of appeals to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case.  *Id.* Consequently, courts of appeals do not have original habeas corpus jurisdiction in criminal law matters.  ***Dodson v. State***, 988 S.W.2d 833, 835 (Tex. App.–San Antonio 1999, no pet.); ***Ex parte Hawkins***, 885 S.W.2d 586, 588 (Tex. App.–El Paso 1994, no pet.).  In such matters, their jurisdiction is appellate only.  ***Dodson***, 988 S.W.2d at 835.  Because Baugh seeks habeas relief in a criminal proceeding, we are without jurisdiction to consider his application.  Accordingly, we ***dismiss*** Baugh's application for want of jurisdiction.[2]

Opinion delivered June 17, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[2] Even if we had jurisdiction to consider Baugh's complaints, he has not furnished a record as required by Texas Rule of Appellate Procedure 52.7.  Without a sufficient record, Baugh cannot establish his entitlement to the requested relief.

2