# NO. 12-09-00121-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE: DAVID GEORGE BAUGH,* *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

## MEMORANDUM OPINION
### PER CURIAM

David George Baugh seeks release from his confinement in the Cherokee County Jail. He complains that the trial court has refused to release him on a personal recognizance bond pending trial despite his proven indigence.

Baugh has designated his request for relief as an "Emergency Petition for Writ of Mandamus." However, it is the substance of a document that governs, and not the title. *Ex parte Caldwell*, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000). Baugh is, in effect, seeking pretrial habeas relief. Therefore, we construe the filed document as an application for a pretrial writ of habeas corpus.

The Texas Government Code provides as follows:

> Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case. Pending the hearing of an application for a writ of habeas corpus, the court of appeals or a justice of the court of appeals may admit to bail a person to whom the writ of habeas corpus may be granted.

TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004). Thus, the original jurisdiction of courts of

appeals to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. ***Id.*** Consequently, courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. ***Dodson v. State***, 988 S.W.2d 833, 835 (Tex. App.–San Antonio 1999, no pet.); ***Ex parte Hawkins***, 885 S.W.2d 586, 588 (Tex. App.–El Paso 1994, no pet.). In such matters, their jurisdiction is appellate only. ***Dodson***, 988 S.W.2d at 835. Because Baugh seeks habeas relief in an original proceeding, we are without jurisdiction to consider his application. Accordingly, we ***dismiss*** Baugh's application for want of jurisdiction.

Opinion delivered June 17, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2