# NO. 12-10-00011-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE: STEPHEN AUGUST SPRADLEY,* *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

---

## *MEMORANDUM OPINION*

Stephen August Spradley, Relator, seeks a writ of mandamus requiring the trial court to set bail in his pending misdemeanor revocation proceeding.[1] He complains that he filed a motion for bond, which the trial court denied after a hearing, and requests that this court direct the trial court to set a bond amount. Although Relator requests a writ of mandamus, he is, in effect, seeking pretrial habeas relief. Therefore, we construe his petition for writ of mandamus as an application for pretrial writ of habeas corpus. *See Ex parte Caldwell*, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000) ("[I]t is the substance of the [document] that governs, not the title.").

The Texas Government Code provides as follows:

> Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case. Pending the hearing of an application for a writ of habeas corpus, the court of appeals or a justice of the court of appeals may admit to bail a person to whom the writ of habeas corpus may be granted.

TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004). Thus, the original jurisdiction of courts of appeals is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. *Id.* Consequently, courts of appeals do not have original habeas corpus jurisdiction in

---

[1] The respondent is the Honorable Jack Sinz, Judge of the County Court at Law, Nacogdoches County, Texas. The State of Texas is the real party in interest.

criminal matters.  ***Dodson v. State***, 988 S.W.2d 833, 835 (Tex. App.–San Antonio 1999, no pet.); ***Ex parte Hawkins***, 885 S.W.2d 586, 588 (Tex. App.–El Paso 1994, no pet.).  In such matters, their jurisdiction is appellate only.  ***Dodson***, 988 S.W.2d at 835.

Because Relator seeks habeas relief in a criminal case by filing an original proceeding, we are without jurisdiction to consider his application.  Accordingly, we ***dismiss*** Relator's application for want of jurisdiction.

   **BRIAN HOYLE**  
Justice

Opinion delivered February 26, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)