NO









NO. 12-10-00011-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

 

                                                                             '     

IN RE: STEPHEN AUGUST
SPRADLEY,

RELATOR                                                          '     ORIGINAL
PROCEEDING

 

                                                                             '     

 

 





                                                      MEMORANDUM
OPINION

            Stephen
August Spradley, Relator, seeks a writ of mandamus requiring the trial court to
set bail in his pending misdemeanor revocation proceeding.[1] 
He complains that he filed a motion for bond, which the trial court denied
after a hearing, and requests that this court direct the trial court to set a
bond amount.  Although Relator requests a writ of mandamus, he is, in effect,
seeking pretrial habeas relief.  Therefore, we construe his petition for writ
of mandamus as an application for pretrial writ of habeas corpus.  See Ex
parte Caldwell, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000) (“[I]t is the
substance of the [document] that governs, not the title.”).

            The Texas Government
Code provides as follows:

Concurrently with the supreme court, the court of
appeals of a court of appeals district in which a person is restrained in his
liberty, or a justice of the court of appeals, may issue a writ of habeas
corpus when it appears that the restraint of liberty is by virtue of an order,
process, or commitment issued by a court or judge because of the violation of
an order, judgment, or decree previously made, rendered, or entered by the
court or judge in a civil case.  Pending the hearing of an application for a
writ of habeas corpus, the court of appeals or a justice of the court of
appeals may admit to bail a person to whom the writ of habeas corpus may be
granted.

 

Tex. Gov’t Code Ann. § 22.221(d)
(Vernon 2004).  Thus, the original jurisdiction of courts of appeals is limited
to those cases in which a person’s liberty is restrained because the person has
violated an order, judgment, or decree entered in a civil case.  Id. 
Consequently, courts of appeals do not have original habeas corpus jurisdiction
in criminal matters.  Dodson v. State, 988 S.W.2d 833, 835 (Tex.
App.–San Antonio 1999, no pet.); Ex parte Hawkins, 885 S.W.2d
586, 588 (Tex. App.–El Paso 1994, no pet.).  In such matters, their
jurisdiction is appellate only.  Dodson, 988 S.W.2d at 835.  

Because
Relator seeks habeas relief in a criminal case by filing an original
proceeding, we are without jurisdiction to consider his application. 
Accordingly, we dismiss Relator’s application for want of
jurisdiction.

                                                                                                    
BRIAN HOYLE__    

                                                                                                             
Justice

 

 

Opinion delivered February 26, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] 
The respondent is the Honorable Jack Sinz, Judge of the County Court at Law,
Nacogdoches County, Texas.  The State of Texas is the real party in interest.