**NUMBER 13-08-00189-CR**
**COURT OF APPEALS**
**THIRTEENTH DISTRICT OF TEXAS**
**CORPUS CHRISTI - EDINBURG**


**JESUS E. COSIO,**                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                       **Appellee.**

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

## DISSENTING/CONCURRING OPINION

**Before the Court En Banc
Dissenting/Concurring Opinion by Justice Garza**

I concur in part and dissent in part from the majority's opinion today because I believe that: (1) there was no error in the jury charge; (2) even if there was error, that error was not preserved for our review; and (3) even if Cosio was not required to preserve his error in order to obtain an egregious harm review, he did not suffer egregious harm.

I concur with Part I of the majority's opinion because I agree the testimony pertaining to Count 3 was insufficient. The victim testified that, when she was about nine or ten years of age, Cosio showed her pornographic movies in her mother's room. She testified that he touched her breasts and put his penis in her. Cosio was charged with

touching part of the genitals of the victim for the events on this date. However, there was no testimony to support this charge. Accordingly, I concur with this part of the judgment.

I dissent from Part II of the majority's opinion for several reasons. First, I do not believe that there was any error in the jury charge. The child victim in this case testified to four separate, distinct instances of sexual abuse. These four instances correspond to the four counts included in the jury charge. The majority notes correctly that "there was evidence of more than one specific act of Cosio penetrating the complainant's mouth with his penis and evidence of more than one specific act of Cosio penetrating the complainant's vagina with his penis." The majority concludes that, therefore, the jury might not have been unanimous about each specific criminal act charged. However, the majority fails to note that the jury charges in this case differentiated among the various acts testified to by the victim by specifying when those acts were alleged to have occurred. Specifically, the jury charge: (1) with respect to the first count, inquired whether Cosio caused his sexual organ to penetrate the mouth of the victim on or about July 31, 2004[1]; (2) with respect to the second count, inquired whether Cosio caused his sexual organ to penetrate the victim's sexual organ on or about July 31, 2003; (3) with respect to the third count, inquired whether Cosio touched part of the victim's genitals on or about July 31, 2004; and (4) with respect to the fourth count, inquired whether Cosio touched part of the victim's genitals on or about July 31, 2003. The victim's testimony with respect to three of the four criminal acts committed by Cosio included estimates as to when those acts occurred. Specifically, the victim testified that: (1) when she was seven or eight years old, while in her mother's room, Cosio "made me suck his penis" and "put his penis in my vagina"; (2)

---

[1] The jury charge specified that the acts described in counts 2 and 4 occurred on or about July 31, 2003, and the acts described in counts 1 and 3 occurred on or about July 31, 2004. The majority determines that the events in question occurred during the years 1999-2001 and 2001-2003, rather than 2003 and 2004 as charged. However, "the State may prove that an offense was committed before, on, or after the date alleged in the [indictment], so long as the date is anterior to the presentment of the information and not barred by limitation." *Mireles v. State*, 901 S.W.2d 458, 459 (Tex. Crim. App. 1995).

2

when she was seven or eight years old, while she was in the shower in her mother's house, Cosio "touched [her] breast, [her] private part, mostly everywhere"; and (3) when she was nine or ten years old, Cosio showed her pornographic movies, touched her breasts and put his penis in her vagina. I believe that, when viewed in light of the victim's testimony, the jury charge was specific enough with respect to the various allegations as to allow the jury to arrive at a unanimous verdict. [2]

Even if error is found in the jury charge, I do not believe that Cosio successfully preserved that error, because he did not request that the State elect which particular instance of each criminal act it would rely upon for conviction. It is well-established that if one act of sexual assault is alleged in the indictment but more than one act is shown by the evidence presented at trial, "the State must elect the act upon which it would rely for conviction." *O'Neal v. State*, 746 S.W.2d 769, 770 (Tex. Crim. App. 1988); *see Pedersen v. State*, 237 S.W.3d 882, 884 (Tex. App.–Texarkana 2007, pet. ref'd); *see also Molina v. State*, No. 05-05-05199-CR, 2006 Tex. App. LEXIS 9670, at *2 (Tex. App.–Dallas Nov. 8, 2006, pet. ref'd) (not designated for publication). However, it is equally well-established that if a defendant does not request that the State make this election, then the issue of jury unanimity is not preserved for appellate review. *See O'Neal*, 746 S.W.2d at 770 n.3 ("[A]ppellant preserved error by his motion to require election. Absent such a motion by the defendant, the State is not required to make an election."); *Pedersen*, 237 S.W.3d at 884 ("Pedersen contends the trial court erred by failing to require the State to make an

---

[2] The majority suggests, but does not state explicitly, that the real problem with the jury charge was that it did not instruct the jury that it must be "unanimous as to a specific criminal act." I disagree that the omission of this precise instruction rendered the jury charge defective. The charge in this case was submitted to the jury in four parts, each separately styled and entitled "CHARGE OF THE COURT" and each referencing exactly one count against Cosio. Each of the four documents stated that "[i]n order to return a verdict, each juror must agree thereto," and that "[y]our verdict must be unanimous." Because these instructions were given four times, in each of the charge documents, I believe that the jury was sufficiently instructed as to the unanimity requirement. *See Kitchens v. State*, 823 S.W.2d 256, 258 n.2 (Tex. Crim. App. 1991) (finding same language to be sufficient to satisfy unanimity requirement in Texas Code of Criminal Procedure article 36.29); *see also Rodriguez v. State*, No. 13-05-522-CR, 2006 Tex. App. LEXIS 7253, at *7 (Tex. App.–Corpus Christi Aug. 17, 2006, no pet.) (mem. op., not designated for publication) (finding instruction stating, for each count, that "[y]our verdict must be unanimous," to be sufficient to preserve appellant's right to unanimous verdict).

election among the various criminal incidents suggested by the evidence as the basis for submitting the charges to the jury. . . . In this case, Pedersen did not ask the State to make such an election. Therefore, Pedersen did not preserve for appellate review the issue of whether the trial court erred by not directing the State to make an election in this case."); *see also Molina*, 2006 Tex. App. LEXIS 9670, at *2-3 ("[A]ppellant contends the trial court erred in failing to require the State to elect the specific act on which it was relying for conviction in this multiple transaction case. Appellant also argues the trial court's failure to require such an election abridged his right to a unanimous jury verdict. . . . In the present case, appellant did not request the State to make an election and we find no authority suggesting the trial court should have ordered one on its own motion. Therefore, appellant has failed to preserve his complaint regarding the trial court's failure to order the State to make an election and any resulting abridgment of his right to jury unanimity."); *see also Lopez v. State*, No. 13-05-759-CR, 2006 Tex. App. LEXIS 7510, at *6-7 (Tex. App.–Corpus Christi Aug. 24, 2006, no pet.) (mem. op., not designated for publication); *Lee v. State*, No. 2-01-433-CR, 2003 Tex. App. LEXIS 4043, at *4-5 (Tex. App.–Fort Worth May 8, 2003, no pet.) (mem. op., not designated for publication). Here, Cosio did not request that the State elect which specific instance of sexual assault or indecent contact would be relied upon for conviction with respect to any of the four counts. Accordingly, I would find that this alleged error has not been preserved for our review.

The majority relies on *Ngo v. State*, 175 S.W.3d 738 (Tex. Crim. App. 2005), in concluding that Cosio's issue should be treated as one of charge error, where an egregious harm analysis is required without regard to preservation of error. *See id*.; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). While I do not disagree with the standard articulated by *Ngo*, I question its applicability to this case. *Ngo* involved one charge arising from three separate statutorily defined varieties of credit card abuse. *See* 175 S.W.3d at 742 & n.5. I would be more inclined to follow, and certainly would not

4

ignore, *O'Neal* and its lengthy progeny of cases which involve multiple instances of the same act of sexual abuse. *See O'Neal*, 746 S.W.2d at 770 n.3; *Pedersen*, 237 S.W.3d at 884; *Molina*, 2006 Tex. App. LEXIS 9670, at *2. It is noteworthy that, subsequent to *Ngo*, the Texas Court of Criminal Appeals explicitly upheld *O'Neal* in the sexual assault context. *Phillips v. State*, 193 S.W.3d 904, 909-10 (Tex. Crim. App. 2006) ("The State has asked us to review the continuing vitality of *O'Neal* to determine when the State is required to elect which transaction it will rely upon for conviction, and we have taken this opportunity to do so."). In *Phillips*, the court of criminal appeals refused to alter *O'Neal*, stating:

> In reexamining *O'Neal*, we find no reason to deviate from our holding that a trial court errs by failing to have the State elect at the close of its evidence *when properly requested by the defense.* Requiring the State to elect at the close of its evidence forces it to formally differentiate the specific evidence upon which it will rely as proof of the charged offense from evidence of other offenses or misconduct it offers only in an evidentiary capacity. This allows the trial judge to distinguish the evidence which the State is relying on to prove the particular act charged in the indictment from the evidence that the State has introduced for other relevant purposes. Thus, the trial court can instruct the jury on the proper use and weight to accord each type of evidence. Moreover, the election requirement protects fundamental rights such as notice and *unanimity*, insuring both that the defendant is aware of precisely which act he must defend himself against, and that the jurors know precisely which act they must all agree he is guilty of in order to convict him. Because of the multitude of compelling systemic reasons for requiring an election, we decline to alter our decision in *O'Neal.*

*Id.* at 910 (emphasis added).

The majority attempts to distinguish the *O'Neal* line of cases by claiming that the instant case "involve[s] charge error" whereas *O'Neal* and its progeny do not. However, the issue we are presented with is identical to those faced by the *O'Neal*, *Pedersen*, and *Molina* courts—that is, whether or not a complaint alleging a possible lack of jury unanimity may be waived by failing to object at the trial court. Moreover, although Cosio frames his issue as involving "jury charge error," that does not compel us to treat his issue under the more stringent standard of review prescribed for such errors. Instead, we look to the substance of his issue to determine how it will be analyzed. *See, e.g., Lomax v. State*, 233 S.W.3d 302, 314 (Tex. Crim. App. 2007); *Caldwell v. State*, 58 S.W.3d 127, 130 (Tex.

5

Crim. App. 2000). Cosio's first issue, at its core, complains of the trial court's failure to require the State to elect the specific criminal acts that it would rely upon for conviction. Of course, this failure did manifest itself in the jury charge; but the effect of the trial court's decision upon the jury charge was only secondary to the initial decision not to require the State to make an additional election. Reviewing all complaints regarding jury unanimity as charge error, as the majority does here, would overly inflate the applicability of the *Almanza* standard and would contradict the *O'Neal* line of cases, which the court of criminal appeals has explicitly affirmed. It is my hope that the court of criminal appeals will review what I perceive to be a conflict in this area of the law. In any case, I certainly would not overrule this Court's precedent until we have clear guidance from the court of criminal appeals.

Finally, even if we were to apply the harm analysis elucidated in *Almanza*, 686 S.W.2d at 171, I do not believe that Cosio suffered "egregious harm" here. The fact that four—and only four—instances of sexual abuse were testified to was made clear by Cosio's attorney and by the prosecutor during each case-in-chief and in closing arguments. Given that, I think it highly unlikely that the jury was confused as to which counts corresponded to which evidence. In examining the jury charge, the state of the evidence, the arguments of counsel and all the relevant information as a whole, I do not believe that egregious harm was suffered in this case. *See id.*

I note that, although unanimity is required in criminal cases, a jury need not be unanimous about everything in order to arrive at a verdict. "Different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *Ngo*, 175 S.W.3d at 746 (quoting *Schad v. Arizona*, 501 U.S. 624, 631-32 (1991)). Here, Cosio was informed of which specific offenses he was accused of committing; the State elected which specific criminal offense they would rely upon for each count; and the jury was instructed that they must be

6

unanimous as to their verdict on each count. Put simply, the trial court did everything the law requires to protect Cosio's right to a unanimous verdict. I am concerned that, under the majority's opinion today, the prosecution of ongoing sex crimes involving children may become prohibitively difficult.

For the foregoing reasons, I concur in Part I of the opinion and respectfully dissent from the remainder.


_____
DORI CONTRERAS GARZA
Justice

Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
23rd day of August, 2010.

7