NUMBER 13-08-00189-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JESUS E. COSIO, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 139th District Court 


of Hidalgo County, Texas.


 


DISSENTING/CONCURRING OPINION



Before the Court En Banc


Dissenting/Concurring Opinion by Justice Garza



 I concur in part and dissent in part from the majority's opinion today because I
believe that: (1) there was no error in the jury charge; (2) even if there was error, that error
was not preserved for our review; and (3) even if Cosio was not required to preserve his
error in order to obtain an egregious harm review, he did not suffer egregious harm.

 I concur with Part I of the majority's opinion because I agree the testimony
pertaining to Count 3 was insufficient. The victim testified that, when she was about nine
or ten years of age, Cosio showed her pornographic movies in her mother's room. She
testified that he touched her breasts and put his penis in her. Cosio was charged with
touching part of the genitals of the victim for the events on this date. However, there was
no testimony to support this charge. Accordingly, I concur with this part of the judgment.

 I dissent from Part II of the majority's opinion for several reasons. First, I do not
believe that there was any error in the jury charge. The child victim in this case testified
to four separate, distinct instances of sexual abuse. These four instances correspond to
the four counts included in the jury charge. The majority notes correctly that "there was
evidence of more than one specific act of Cosio penetrating the complainant's mouth with
his penis and evidence of more than one specific act of Cosio penetrating the
complainant's vagina with his penis." The majority concludes that, therefore, the jury might
not have been unanimous about each specific criminal act charged. However, the majority
fails to note that the jury charges in this case differentiated among the various acts testified
to by the victim by specifying when those acts were alleged to have occurred. Specifically,
the jury charge: (1) with respect to the first count, inquired whether Cosio caused his
sexual organ to penetrate the mouth of the victim on or about July 31, 2004 (1)
; (2) with
respect to the second count, inquired whether Cosio caused his sexual organ to penetrate
the victim's sexual organ on or about July 31, 2003; (3) with respect to the third count,
inquired whether Cosio touched part of the victim's genitals on or about July 31, 2004; and
(4) with respect to the fourth count, inquired whether Cosio touched part of the victim's
genitals on or about July 31, 2003. The victim's testimony with respect to three of the four
criminal acts committed by Cosio included estimates as to when those acts occurred. 
Specifically, the victim testified that: (1) when she was seven or eight years old, while in
her mother's room, Cosio "made me suck his penis" and "put his penis in my vagina"; (2)
when she was seven or eight years old, while she was in the shower in her mother's house,
Cosio "touched [her] breast, [her] private part, mostly everywhere"; and (3) when she was
nine or ten years old, Cosio showed her pornographic movies, touched her breasts and put
his penis in her vagina. I believe that, when viewed in light of the victim's testimony, the
jury charge was specific enough with respect to the various allegations as to allow the jury
to arrive at a unanimous verdict. (2)

 Even if error is found in the jury charge, I do not believe that Cosio successfully
preserved that error, because he did not request that the State elect which particular
instance of each criminal act it would rely upon for conviction. It is well-established that if
one act of sexual assault is alleged in the indictment but more than one act is shown by
the evidence presented at trial, "the State must elect the act upon which it would rely for
conviction." O'Neal v. State, 746 S.W.2d 769, 770 (Tex. Crim. App. 1988); see Pedersen
v. State, 237 S.W.3d 882, 884 (Tex. App.-Texarkana 2007, pet. ref'd); see also Molina v.
State, No. 05-05-05199-CR, 2006 Tex. App. LEXIS 9670, at *2 (Tex. App.-Dallas Nov. 8,
2006, pet. ref'd) (not designated for publication). However, it is equally well-established
that if a defendant does not request that the State make this election, then the issue of jury
unanimity is not preserved for appellate review. See O'Neal, 746 S.W.2d at 770 n.3
("[A]ppellant preserved error by his motion to require election. Absent such a motion by
the defendant, the State is not required to make an election."); Pedersen, 237 S.W.3d at
884 ("Pedersen contends the trial court erred by failing to require the State to make an
election among the various criminal incidents suggested by the evidence as the basis for
submitting the charges to the jury. . . . In this case, Pedersen did not ask the State to
make such an election. Therefore, Pedersen did not preserve for appellate review the
issue of whether the trial court erred by not directing the State to make an election in this
case."); see also Molina, 2006 Tex. App. LEXIS 9670, at *2-3 ("[A]ppellant contends the
trial court erred in failing to require the State to elect the specific act on which it was relying
for conviction in this multiple transaction case. Appellant also argues the trial court's failure
to require such an election abridged his right to a unanimous jury verdict. . . . In the
present case, appellant did not request the State to make an election and we find no
authority suggesting the trial court should have ordered one on its own motion. Therefore,
appellant has failed to preserve his complaint regarding the trial court's failure to order the
State to make an election and any resulting abridgment of his right to jury unanimity."); see
also Lopez v. State, No. 13-05-759-CR, 2006 Tex. App. LEXIS 7510, at *6-7 (Tex.
App.-Corpus Christi Aug. 24, 2006, no pet.) (mem. op., not designated for publication);
Lee v. State, No. 2-01-433-CR, 2003 Tex. App. LEXIS 4043, at *4-5 (Tex. App.-Fort Worth
May 8, 2003, no pet.) (mem. op., not designated for publication). Here, Cosio did not
request that the State elect which specific instance of sexual assault or indecent contact
would be relied upon for conviction with respect to any of the four counts. Accordingly, I
would find that this alleged error has not been preserved for our review.

 The majority relies on Ngo v. State, 175 S.W.3d 738 (Tex. Crim. App. 2005), in
concluding that Cosio's issue should be treated as one of charge error, where an egregious
harm analysis is required without regard to preservation of error. See id.; Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). While I do not disagree with the
standard articulated by Ngo, I question its applicability to this case. Ngo involved one
charge arising from three separate statutorily defined varieties of credit card abuse. See
175 S.W.3d at 742 & n.5. I would be more inclined to follow, and certainly would not
ignore, O'Neal and its lengthy progeny of cases which involve multiple instances of the
same act of sexual abuse. See O'Neal, 746 S.W.2d at 770 n.3; Pedersen, 237 S.W.3d at
884; Molina, 2006 Tex. App. LEXIS 9670, at *2. It is noteworthy that, subsequent to Ngo,
the Texas Court of Criminal Appeals explicitly upheld O'Neal in the sexual assault context. 
Phillips v. State, 193 S.W.3d 904, 909-10 (Tex. Crim. App. 2006) ("The State has asked
us to review the continuing vitality of O'Neal to determine when the State is required to
elect which transaction it will rely upon for conviction, and we have taken this opportunity
to do so."). In Phillips, the court of criminal appeals refused to alter O'Neal, stating:

In reexamining O'Neal, we find no reason to deviate from our holding that a
trial court errs by failing to have the State elect at the close of its evidence
when properly requested by the defense. Requiring the State to elect at the
close of its evidence forces it to formally differentiate the specific evidence
upon which it will rely as proof of the charged offense from evidence of other
offenses or misconduct it offers only in an evidentiary capacity. This allows
the trial judge to distinguish the evidence which the State is relying on to
prove the particular act charged in the indictment from the evidence that the
State has introduced for other relevant purposes. Thus, the trial court can
instruct the jury on the proper use and weight to accord each type of
evidence. Moreover, the election requirement protects fundamental rights
such as notice and unanimity, insuring both that the defendant is aware of
precisely which act he must defend himself against, and that the jurors know
precisely which act they must all agree he is guilty of in order to convict him. 
Because of the multitude of compelling systemic reasons for requiring an
election, we decline to alter our decision in O'Neal.


Id. at 910 (emphasis added).

 The majority attempts to distinguish the O'Neal line of cases by claiming that the
instant case "involve[s] charge error" whereas O'Neal and its progeny do not. However, 

the issue we are presented with is identical to those faced by the O'Neal, Pedersen, and
Molina courts--that is, whether or not a complaint alleging a possible lack of jury unanimity
may be waived by failing to object at the trial court. Moreover, although Cosio frames his
issue as involving "jury charge error," that does not compel us to treat his issue under the
more stringent standard of review prescribed for such errors. Instead, we look to the
substance of his issue to determine how it will be analyzed. See, e.g., Lomax v. State, 233
S.W.3d 302, 314 (Tex. Crim. App. 2007); Caldwell v. State, 58 S.W.3d 127, 130 (Tex.
Crim. App. 2000). Cosio's first issue, at its core, complains of the trial court's failure to
require the State to elect the specific criminal acts that it would rely upon for conviction. 
Of course, this failure did manifest itself in the jury charge; but the effect of the trial court's
decision upon the jury charge was only secondary to the initial decision not to require the
State to make an additional election. Reviewing all complaints regarding jury unanimity as
charge error, as the majority does here, would overly inflate the applicability of the Almanza
standard and would contradict the O'Neal line of cases, which the court of criminal appeals
has explicitly affirmed. It is my hope that the court of criminal appeals will review what I
perceive to be a conflict in this area of the law. In any case, I certainly would not overrule
this Court's precedent until we have clear guidance from the court of criminal appeals.

 Finally, even if we were to apply the harm analysis elucidated in Almanza, 686
S.W.2d at 171, I do not believe that Cosio suffered "egregious harm" here. The fact that
four--and only four--instances of sexual abuse were testified to was made clear by
Cosio's attorney and by the prosecutor during each case-in-chief and in closing arguments. 
Given that, I think it highly unlikely that the jury was confused as to which counts
corresponded to which evidence. In examining the jury charge, the state of the evidence,
the arguments of counsel and all the relevant information as a whole, I do not believe that
egregious harm was suffered in this case. See id.

 I note that, although unanimity is required in criminal cases, a jury need not be
unanimous about everything in order to arrive at a verdict. "Different jurors may be
persuaded by different pieces of evidence, even when they agree upon the bottom line. 
Plainly there is no general requirement that the jury reach agreement on the preliminary
factual issues which underlie the verdict." Ngo, 175 S.W.3d at 746 (quoting Schad v.
Arizona, 501 U.S. 624, 631-32 (1991)). Here, Cosio was informed of which specific
offenses he was accused of committing; the State elected which specific criminal offense
they would rely upon for each count; and the jury was instructed that they must be
unanimous as to their verdict on each count. Put simply, the trial court did everything the
law requires to protect Cosio's right to a unanimous verdict. I am concerned that, under
the majority's opinion today, the prosecution of ongoing sex crimes involving children may
become prohibitively difficult.

 For the foregoing reasons, I concur in Part I of the opinion and respectfully dissent
from the remainder.


 

 DORI CONTRERAS GARZA

 Justice


Publish.

Tex. R. App. P. 47.2(b)

Delivered and filed the

23rd day of August, 2010.

1. The jury charge specified that the acts described in counts 2 and 4 occurred on or about July 31,
2003, and the acts described in counts 1 and 3 occurred on or about July 31, 2004. The majority determines
that the events in question occurred during the years 1999-2001 and 2001-2003, rather than 2003 and 2004
as charged. However, "the State may prove that an offense was committed before, on, or after the date
alleged in the [indictment], so long as the date is anterior to the presentment of the information and not barred
by limitation." Mireles v. State, 901 S.W.2d 458, 459 (Tex. Crim. App. 1995).

2. The majority suggests, but does not state explicitly, that the real problem with the jury charge was
that it did not instruct the jury that it must be "unanimous as to a specific criminal act." I disagree that the
omission of this precise instruction rendered the jury charge defective. The charge in this case was submitted
to the jury in four parts, each separately styled and entitled "CHARGE OF THE COURT" and each referencing
exactly one count against Cosio. Each of the four documents stated that "[i]n order to return a verdict, each
juror must agree thereto," and that "[y]our verdict must be unanimous." Because these instructions were given
four times, in each of the charge documents, I believe that the jury was sufficiently instructed as to the
unanimity requirement. See Kitchens v. State, 823 S.W.2d 256, 258 n.2 (Tex. Crim. App. 1991) (finding same
language to be sufficient to satisfy unanimity requirement in Texas Code of Criminal Procedure article 36.29);
see also Rodriguez v. State, No. 13-05-522-CR, 2006 Tex. App. LEXIS 7253, at *7 (Tex. App.-Corpus Christi
Aug. 17, 2006, no pet.) (mem. op., not designated for publication) (finding instruction stating, for each count,
that "[y]our verdict must be unanimous," to be sufficient to preserve appellant's right to unanimous verdict).