# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-22-00746-CV
NO. 03-22-00747-CV

---

**In re Jason Eric Lenderman**

---

## ORIGINAL PROCEEDING FROM BELL COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator Jason Eric Lenderman filed two pro se notices of appeal that we construe as petitions for writ of mandamus.[1]  Lenderman appears to ask that the Court compel the trial court to dismiss his court-appointed attorney, appoint new "post[-]conviction, presentence[ing] counsel," and hold a hearing on his pro se "Motion to Withdraw Guilty Plea Due to Legal Innocence" filed in the proceeding below.  The record shows that pro se motions to proceed pro se, to appoint counsel for appeal, and to dismiss court-appointed attorney are likewise pending before the trial court.

To obtain mandamus relief in a criminal case, a party "must show that 1) it lacks an adequate remedy at law, and 2) what it seeks to compel is ministerial, involving no discretion." *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021).  Lenderman

---

[1] *See Ex parte Caldwell*, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000), *superseded by statute on other grounds as recognized by Druery v. State*, 412 S.W.3d 523, 534 (Tex. Crim. App. 2013) (observing that it is substance of filing, not title, that governs); *In re Richardson*, No. 04-22-00065-CR, 2022 WL 465405, at *1 (Tex. App.—San Antonio Feb. 16, 2022, no pet.) (mem. op., not designated for publication) (construing notice of appeal as petition for writ of mandamus).

has not established an entitlement to such relief. First, an appellate court has no jurisdiction to remove appointed counsel and appoint new counsel. *See Hebert v. Honorable Judge of 208th Dist. Court of Harris Cnty.*, No. 01-91-00052-CV, 1991 WL 22355, at *1 (Tex. App.—Houston [1st Dist.] Feb. 21, 1991, orig. proceeding) (not designated for publication); *In re Burt*, Nos. 05-16-01212-CV, 05-16-01213-CV, 2016 WL 6135526, at *1 (Tex. App.—Dallas Oct. 21, 2016, orig. proceeding) (mem. op.).

Second, because Lenderman is represented by counsel in the trial court, it has no duty to rule on his pro se motions. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) ("[A] trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel."); *see also Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *In re Flanigan*, 578 S.W.3d 634, 637 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Lenderman has no right to hybrid representation.[2] *See McKaskle v. Wiggins*, 465 U.S. 168, 182–83 (1984); *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989); *Ex parte Dupuy*, 498 S.W.3d 220, 228 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("A criminal appellant may be represented by counsel, or under certain circumstances . . . he may represent himself, but he may not do both."). In the absence of such a right, his petitions present nothing for review. *See Rudd v. State*, 616 S.W.2d 623 (Tex. Crim. App. 1981); *In re Roberts*, No. 01-22-00107-CR, 2022 WL 598668, at *1 (Tex. App.—Houston [1st Dist.] Mar. 1, 2022, orig. proceeding) (per curiam) (mem. op., not designated for publication) ("A pro se relator in a criminal case who is represented by appointed counsel is not entitled to hybrid representation, and thus, his pro se petition presents nothing for review.").

---

[2] "The court's consideration of filings by a party who is represented by counsel is known as hybrid representation." *Ex parte Dupuy*, 498 S.W.3d 220, 228 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

Accordingly, we dismiss the petitions for want of jurisdiction.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Filed:   December 23, 2022

Do Not Publish