

# NUMBERS 13-23-00389-CR, 13-23-00390-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE GEORGE OLIVAREZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria[1]**

George Olivarez filed a pro se "Motion to Have the Appellate Record Furnished with Charge" in this Court. Olivarez requests that we order the court reporter to transcribe the proceedings pertaining to his criminal convictions and to furnish the records to him "with a charge." Because Olivarez does not have any pending appeals and he requests us to command an individual to perform an act, we liberally construe his motion as a

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.1 (governing the perfection of appeal); *Ex parte Caldwell*, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000) (stating that "it is the substance of the motion that governs, not the title"), *superseded by statute on other grounds as recognized by Druery v. State*, 412 S.W.3d 523, 534 (Tex. Crim. App. 2013). We resolve Olivarez's requests for relief regarding trial court cause number CR-00-145-ES1, docketed in our appellate cause number 13-23-00389-CR, and trial court cause number CR-00-146-ES1, docketed in our appellate cause number 13-23-00390-CR, in this consolidated memorandum opinion in the interests of judicial efficiency.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Our jurisdiction to issue mandamus relief is limited by statute. *See generally* TEX. GOV'T CODE ANN. § 22.221. In short, we have no authority to issue a writ of mandamus to a court reporter unless they are interfering with our appellate jurisdiction. *In re Strickhausen*, 994 S.W.2d 936 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus

2

and the applicable law, is of the opinion that Olivarez has not met his burden to show that we have jurisdiction to entertain his request for mandamus relief. Accordingly, we dismiss the petitions for writ of mandamus in each cause for lack of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
7th day of September, 2023.