the motion to suppress should have been granted.

**In re Dan Vernon WEST, Relator.**

No. 07–09–0279–CV.

Court of Appeals of Texas,
Amarillo,
Panel D.

Aug. 26, 2009.

Dan Vernon West, relator, pro se.

Robert A. Love II, Assistant District Attorney, Canyon, TX, for respondent.

John B. Board, Amarillo, TX, respondent pro se.

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

## ON PETITION FOR WRIT OF MANDAMUS

JAMES T. CAMPBELL, Justice.

Relator Dan Vernon West, acting *pro se,* has filed in this court a petition for mandamus asking that we order the Hon. John B. Board, judge of the 181st District Court of Randall County, to recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear the motion.

According to his petition, the relief relator seeks in this original proceeding relates to trial court cause number 19,298–B, pending in the 181st District Court, a criminal case in which relator is the defendant. Although relator is represented by counsel in that proceeding, his recusal motion also was filed *pro se.*

Relator is not entitled to hybrid representation here or in the trial court. *See Patrick v. State,* 906 S.W.2d 481, 498 (Tex.Crim.App.1995); *Gray v. Shipley,* 877 S.W.2d 806 (Tex.App.-Houston [1st Dist.] 1994, orig. proceeding). Because the issues raised in his *pro se* petition for writ of mandamus relate directly to a criminal proceeding in which relator is represented by counsel, we find the absence of a right for hybrid representation means his *pro se*

petition presents nothing for our consideration. *Patrick,* 906 S.W.2d at 498; *see In re Jones,* No. 04–06–00026–CV, 2006 WL 286782 (Tex.App.-San Antonio Feb. 8, 2006, orig. proceeding) (mem. op.). Moreover, a trial court has no legal duty to rule on a *pro se* motion filed in that proceeding by an accused who is represented by counsel. *See Robinson v. State,* 240 S.W.3d 919, 922 (Tex.Crim.App.2007) (trial court free to rule on, or disregard, motion filed *pro se* by defendant represented by counsel). Accordingly, relator's petition for writ of mandamus is dismissed.