**In re: Trent Alvon SMITH, Relator.**

Nos. 12–12–00084–CR, 12–12–00085–CR, 12–12–00086–CR, 12–12–00087–CR, 12–12–00088–CR, 12–12–00089–CR, 12–12–00090–CR.

Court of Appeals of Texas, Tyler.

March 14, 2012.

court has not ruled on his motion. We deny the petition.

### RELATOR'S MOTION

Pursuant to a plea bargain, Relator pleaded guilty to seven separate charges of forgery, one of which was enhanced. He was sentenced to imprisonment for twelve years for the enhanced offense and imprisonment for ten years for each of the other six offenses. This court affirmed the convictions. *See generally Smith v. State*, No. 12–93–00199–CR (Tex.App.-Tyler Aug. 22, 1994, no pet.) (not designated for publication). Relator is presently incarcerated.

Relator filed a motion for a court of inquiry alleging that an illegal sentence was assessed in two of the cases and that there is no evidence to support the conviction in six of the cases. He alleges further that his guilty pleas were involuntary because they were the result of coercion. He asks that the trial court conduct a court of inquiry "so the Court can make finding[s] of fact[ ] concerning the missing stipulations, waivers, [and] the threats made to obtain a guilty plea from Relator August 2, 1993." He also asks that the trial court accept the affidavits attached to his motion as evidence of the truth of his allegations.

### PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, a relator must demonstrate that he does not have an adequate remedy at law to redress an alleged harm and that the act he seeks to compel is ministerial, that is not involving a discretionary or judicial decision. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex.Crim.App.2007) (orig. proceeding). If the relator fails to satisfy either aspect of this two part test, mandamus relief should be denied. *Id.*

When a motion is properly filed and pending before a trial court, the act of

Trent Alvon Smith, pro se.

James P. Wheeler, Wheeler & Wheeler, P.C., Rockwall, for Real Party in Interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

### OPINION

JAMES T. WORTHEN, Chief Justice.

Relator Trent Alvon Smith seeks mandamus relief alleging that more than twenty days have elapsed since he filed a motion for a court of inquiry, but the trial

considering and resolving it is ministerial. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig. proceeding).

### ANALYSIS

When a district judge, acting in her capacity as magistrate, has probable cause to believe an offense has been committed against the laws of this state, she may request that the presiding judge of the administrative judicial district appoint a district judge to commence a court of inquiry. Tex.Code Crim. Proc. Ann. art. 52.01(a) (West 2006). A court of inquiry is a criminal proceeding authorized by and conducted according to Chapter 52 of the Texas Code of Criminal Procedure. *See id.* arts. 52.01–.09 (West 2006). It is not unusual for a private citizen to request a district judge to convene a court of inquiry. *See generally, e.g., In re Butler*, No. 12–10–00225–CR, 2011 WL 193477 (Tex. App.-Tyler Jan. 19, 2011, orig. proceeding); *In re Thompson*, 330 S.W.3d 411 (Tex. App.-Austin 2010, orig. proceeding); *In re Request for Court of Inquiry*, No. 06–10–00191–CR, 2010 WL 4111307 (Tex.App.-Texarkana Oct. 19, 2010, orig. proceeding).

The motion Relator filed in the trial court is entitled "Court of Inquiry." But the object of the motion is to attack the validity of his final felony convictions. Relator alleges in his motion that fundamental error occurred in his criminal cases. Specifically, he asserts that an illegal sentence was assessed in two of the cases and that there is no evidence to support the conviction in six of the cases. He states further that his guilty plea was involuntary because it was the result of coercion. And he asks the trial court to conduct a court of inquiry and compel witnesses to testify or produce evidence "so the Court can make finding[s] of fact[ ] concerning the missing stipulations, waivers, [and] the threats made to obtain a guilty plea from Relator August 2, 1993." He then asserts that if the trial court finds "violations," it should file findings of fact and conclusions of law with the court of criminal appeals along with an order to remand and set aside the judgment, order an acquittal, and expunge each charged offense from Relator's criminal record. In substance, Relator's motion for a court of inquiry is a request for habeas relief. Accordingly, we construe Relator's motion as an application for postconviction writ of habeas corpus. *See* Tex.Code Crim. Proc. Ann. § 11.07 (West Supp.2011); *see also Ex parte Caldwell*, 58 S.W.3d 127, 130 (Tex.Crim.App.2000) ("[I]t is the substance of the motion that governs, not the title.").

After final conviction in any felony case, other than a case in which the death penalty is imposed, any application for writ of habeas corpus must be filed with the clerk of the court in which the conviction being challenged was obtained. Tex.Code Crim. Proc. Ann. art. 11.07 § 3(b) (West Supp.2011). However, the writ must be made returnable to the court of criminal appeals. *Id.* § 3(a)-(b). The trial court does not have jurisdiction to grant habeas relief upon the filing of the application. *Ex parte Williams*, 561 S.W.2d 1, 2 (Tex.Crim.App.1978). Only the Texas Court of Criminal Appeals has such authority. *Id.; see also* Tex.Code Crim. Proc. Ann. art. 11.07 (West Supp.2011); *State v. Holloway*, 360 S.W.3d 480, 488–90 (Tex. Crim.App.2012) (not yet for publication) ("This Court has always assiduously guarded its exclusive jurisdiction to grant post-conviction habeas corpus relief in felony cases."). Because Relator's motion for a court of inquiry is, in substance, an application for postconviction writ of habeas corpus, the trial court does not have jurisdiction to rule on the motion. And because the trial court does not have jurisdiction to rule on the motion, we cannot

categorize the motion as "properly filed." Moreover, since the trial court does not have jurisdiction to rule on the motion, it logically follows that it does not have a ministerial duty to do so. Therefore, Relator cannot establish that the trial court violated a ministerial duty by failing to rule on his motion. *See Young*, 236 S.W.3d at 210.

### CONCLUSION

Relator has not shown that the trial court violated a ministerial duty by failing to rule on his motion for a court of inquiry. Therefore, he cannot show that he is entitled to mandamus relief. Accordingly, we *deny* Relator's petition for writ of mandamus.