

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00164-CR

LeAndre V. **HILL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR10328
Honorable Ron Rangel, Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: November 4, 2015

AFFIRMED AS MODIFIED

Pursuant to a plea agreement, appellant LeAndre V. Hill pled nolo contendere to the offense of burglary and was placed on deferred adjudication community supervision. Later, the State alleged Hill violated the terms of his community supervision and moved to adjudicate. Hill pled true to one of the State's allegation. Thereafter, the trial court adjudicated him guilty and revoked his probation. On appeal, Hill contends: (1) the trial court denied him the right to a speedy trial, i.e., right to a speedy revocation hearing; and (2) the judgment must be modified to delete the

assessment of a fine because the written judgment conflicts with the trial court's oral pronouncement. We affirm judgment as modified.

## BACKGROUND

The record shows Hill was charged with the offense of burglary of a building. In October 2011, pursuant to a plea agreement, Hill pled nolo contendere and the trial court deferred a finding of guilt, placing Hill on two years' community supervision. On January 11, 2012, the State filed a motion in which it alleged Hill committed numerous violations of the terms of his community supervision. The State then filed its first amended motion on April 9, 2012. Based on the alleged violations, the State asked the trial court to render an adjudication of guilt and revoke Hill's community supervision.

On June 11, 2012, Hill filed a pro se "Motion to Quash Petition to Revoke Probation." In the motion, Hill stated he had previously filed a motion seeking a hearing on the State's motion to adjudicate and revoke. Hill argued that because more than twenty days had passed since he filed the motion requesting a hearing and no hearing was held, the State's motion must be quashed. At the time the motion to quash was filed, it appears Hill was represented by counsel because in the motion, Hill included his attorney's name — the attorney who appeared for him at the subsequent hearing on the motion to revoke — on the line designated for counsel's signature. No hearing was held on the motion to quash, nor was any hearing held on the other pro se motions filed by Hill after the State filed its motion to adjudicate and revoke.

At the hearing on the State's motion, which was held in February 2015, Hill pled true to a single allegation. As a result, the trial court granted the State's motion, found Hill guilty of the felony offense of burglary of a building with intent to commit theft, and revoked Hill's community supervision. The trial court sentenced Hill to two years' confinement in a state jail facility — a sentence the court stated would run concurrently with the six year sentence in another case. The

trial court did not mention a fine. However, in its written judgment, the trial court not only imposed a sentence of two years, it also assessed a fine of $1,500.00. Thereafter, Hill perfected this appeal.

## ANALYSIS

As set out above, Hill raises two complaints on appeal. First, he contends he was denied his right to a speedy trial under the United States and Texas Constitutions. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. Second, he argues the judgment must be modified to delete the assessment of a $1,500.00 fine because the written judgment conflicts with the trial court's oral pronouncement. The State counters, arguing there was no speedy trial violation. However, as to Hill's second complaint, the State concedes the judgment must be modified.

### *Right to a Speedy Trial*

Both the Sixth Amendment to the United States Constitution and article I, section 10 of the Texas Constitution guarantee an accused the right to a speedy trial. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Barker v. Wingo*, 407 U.S. 514, 515 (1972); *Zamorano v. State*, 84 S.W.3d 643, 647 (Tex. Crim. App. 2002). Although an accused's right to a speedy trial under the Texas Constitution exists independently of the federal guarantee, the Texas Court of Criminal Appeals has traditionally analyzed claims of a denial of the state speedy trial right under the factors established in *Barker v. Wingo*. *See Zamorano*, 84 S.W.3d at 648. Moreover, although the United States Supreme Court has not addressed the issue, the Texas Court of Criminal Appeals has definitively held the right to a speedy trial under the United States and Texas Constitutions is applicable to revocation hearings. *Carney v. State*, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978) (en banc); *Wisser v. State*, 350 S.W.3d 161, 164 (Tex. App.—San Antonio 2011, no pet.).

Before we engage in a substantive analysis of Hill's contention, we must first address the issue of preservation. As stated above, the right to a speedy trial is unquestionably a right guaranteed by the federal and state constitutions. *See* U.S. CONST. amend. VI; TEX. CONST. art. I,

§ 10; *Barker*, 407 U.S. at 515; *Zamorano*, 84 S.W.3d at 647. Nevertheless, as with other constitutional rights, the Texas Court of Criminal Appeals has held this right must be preserved at trial. *See Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013). We hold Hill failed to preserve his speedy trial complaint for our review.

As the court recognized in *Henson*, and as set forth in our Rules of Appellate Procedure, generally, to preserve a complaint for appellate review, the complaining party must make a timely request, objection, or motion that states the ground for the ruling sought and obtain a ruling from the trial court. TEX. R. APP. P. 33.1(a); *Henson*, 407 S.W.3d at 767. In this case, Hill relies on a pro se motion to quash he filed in response to the State's motion to revoke. In the motion, Hill claimed that after the State filed its motion to adjudicate and revoke, he moved for a hearing on the motion and that because no hearing on the State's motion was held within the time limits prescribed by article 42.12, section 21(b-2) of the Texas Code of Criminal Procedure, he was entitled to be "discharged from custody and continued on probation."[1] The question is whether this pro se motion preserved his right to raise a constitutional speedy trial claim. We find the decision in *Guevara v. State*, 985 S.W.2d 590 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) instructive.

In *Guevara*, the defendant filed a pro se motion requesting a speedy trial. *Id.* at 592. The motion, however, was never presented to the trial court nor adopted or raised by Guevara's counsel. *Id.* The court of appeals held the defendant waived his speedy trial complaint, noting "[a] motion must be 'presented' to the trial court to preserve a complaint for appellate review, and presentment

---

[1] Section 21(b-2) of article 42.12 provides that if a defendant has not been released on bail pursuant to section 21(b-1), the trial court must hold a hearing on the motion to revoke community supervision within twenty days of the filing of said motion. TEX. CODE CRIM. PROC. ANN. art. 42.12, sec. 21(b-2) (West Supp. 2014)

means more than mere filing." *Id.* The party seeking relief must make the trial court aware of the motion by calling it to the court's attention in open court and requesting a ruling thereon. *Id.*

Here, Hill claims he filed a motion requesting a hearing pursuant to article 42.12, section 21(b-2) — there is no such motion in the record. He then filed a pro se "motion to quash" the State's motion to revoke based on the trial court's failure to hold a hearing within the statutory deadline. The court of criminal appeals has specifically held that "[a] speedy trial demand should be, at the very least, unambiguous." *Henson*, 407 S.W.3d at 769. The request in Hill's motion to quash is far from unambiguous as it relates to the *constitutional* right to a speedy trial. Moreover, even if we construe the motion to quash as an assertion of the constitutional right to a speedy trial, neither Hill nor his trial counsel ever presented it to the trial court or obtained a ruling.[2] Accordingly, we hold Hill has failed to preserve his speedy trial complaint for our review. *See Guevara*, 985 S.W.2d at 592; *see also Crocker v. State*, 441 S.W.3d 306, 312 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (holding that even if letter inquiring when trial would occur could be construed as request for speedy trial, defendant waived speedy trial complaint because he never presented speedy trial claim to trial court or obtained ruling); *cf. Newcomb v. State*, 547 S.W.2d 37, 38 (Tex. Crim. App. 1977) (noting difficulty inherent in considering speedy trial complaint on incomplete record because *Barker* test by its nature "requires a full development of the facts").

---

[2] On appeal, Hill contends the trial court "ignored" his motion. First, there is nothing in the record — other than the fact of filing — to prove the motion to quash was brought to the trial court's attention. Second, and as we noted in the background portion of this opinion, it appears Hill was already represented by counsel at the time he filed the motion to quash. In the motion, Hill included his attorney's name — the attorney who appeared for him at the subsequent hearing on the motion to revoke — on the line designated for counsel's signature. A defendant is not entitled to hybrid representation, i.e., a defendant has no right to appear pro se and be represented by counsel at the same time. *In re West*, 419 S.W.3d 312, 312 (Tex. App.—Amarillo 2009, orig. proceeding). Moreover, a trial court has no legal duty to rule on a pro se motion filed by a defendant who is represented by counsel. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (holding trial court may rule on or disregard a motion filed by a pro se defendant who is represented by counsel). Accordingly, in this case, the trial court was not required to rule on Hill's pro se motion. *See id.*

### *Imposition of Fine*

In his second appellate complaint, Hill contends we must modify the judgment to delete the fine imposed by the trial court. Hill argues modification is mandated because the written judgment, which imposed a $1,500.00 fine, conflicts with the trial court's oral pronouncement of sentence. The State agrees with Hill, as do we.

The trial court must orally pronounce a defendant's sentence in the presence of the defendant. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The written judgment is merely the written declaration of the oral pronouncement. *Id.* Thus, when the trial court's oral pronouncement of sentence conflicts with the sentence set out in the written judgment, the oral pronouncement controls. *Id.*; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); *Wiedenfeld v. State*, 450 S.W.3d 905, 907 (Tex. App.—San Antonio 2014, no pet.). In the event of a conflict, the judgment should be modified to reflect the sentence orally imposed. *Taylor*, 131 S.W.3d at 502; *Wiedenfeld*, 450 S.W.3d at 907–08.

At the revocation hearing, the trial court orally pronounced: "I assess punishment at two years confinement in a state jail facility; grant you credit for all the time you've served; run it concurrent with 2012-CR-9686; pronounce your sentence as satisfied." No fine was orally pronounced as part of the sentence when guilt was adjudicated. However, the written judgment imposed a $1,500 fine. Accordingly, because the trial court's written judgment conflicts with its oral pronouncement with regard to the fine, the judgment must be modified to delete the $1,500.00 fine. Therefore, we modify the judgment to delete the fine.

### CONCLUSION

Based on the foregoing, we overrule Hill's first point of error, which alleged he was denied his right to a speedy trial, because he failed to preserve this complaint for our review. However, we sustain his second point of error relating the trial court's imposition of a fine. The trial court

erred in imposing a $1,500.00 fine in its judgment because it did not impose such a fine in its oral pronouncement of Hill's sentence.  Thus, the judgment must be modified to delete the imposition of a fine.  Accordingly, we affirm the trial court's judgment as modified.

Marialyn Barnard, Justice

Do Not Publish