**DENY; and Opinion Filed April 22, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00426-CV

### IN RE WILLIE OTIS HARRIS, Relator

**Original Proceeding from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-25148-W**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Lang, and Justice Brown
Opinion by Justice Brown

In this petition for writ of mandamus, relator requests that we order the trial court to rule on his "Motion to Rectify Jurisdiction of a Child and Proceed Through Texas Family Code § 54.02 w/ Motion for Bench Warrant." Mandamus relief is appropriate in a criminal case only when a relator establishes (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to compel is a ministerial act, not a discretionary or judicial decision. *In re Allen,* 462 S.W.3d 47, 49 (Tex. Crim. App. 2015) (orig. proceeding). A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals,* 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). But a court may act only if permitted to do so by constitutional provision, statute, or common law, or if the power to take the action arises from an inherent or implied power vested in the court. *State v. Johnson,* 821 S.W.2d 609, 612 (Tex. Crim. App. 1991). The trial court lacks such authority here.

Here, although relator has brought his complaint in the juvenile court, the substance of his complaint is that his felony conviction must be vacated because the court in which he was convicted never obtained jurisdiction over him. The only proper means of collaterally attacking a final felony conviction is by means of a petition for writ of habeas corpus under article 11.07 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West 2015) ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."). Because relator's motion to rectify jurisdiction is, in substance, an application for post-conviction habeas corpus relief from a final felony conviction, the juvenile court does not have jurisdiction to grant the relief requested by relator's motion. *In re Smith*, 366 S.W.3d 268, 270–71 (Tex. App.—Tyler 2012, orig. proceeding); *see also Ex parte Caldwell,* 58 S.W.3d 127, 130 (Tex. Crim. App. 2000) (orig. proceeding) ("[I]t is the substance of the motion that governs, not the title.") Only the court of criminal appeals has jurisdiction to grant post-conviction habeas corpus relief. *Ex parte Williams,* 561 S.W.2d 1, 2 (Tex. Crim. App. 1978) (orig. proceeding).

Because the juvenile court does not have jurisdiction to rule on relator's motion, it cannot be categorized as "properly filed." *See In re Hogg–Bey,* No. 05–15–01421–CV, 2015 WL 9591997, at *1 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding). Moreover, because the trial court does not have jurisdiction to rule on the motion, it logically follows that it does not have a ministerial duty to do so. *Smith,* 366 S.W.3d at 270–71. Accordingly, relator has not shown that he is entitled to mandamus relief.

We deny the petition for writ of mandamus.


/Ada Brown/
ADA BROWN
JUSTICE

160426F.P05

–2–