**Denied and Opinion entered August 8, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-01110-CV
No. 05-16-01111-CV

**IN RE RENE ADOLPHO GUZMAN, Relator**

**Original Proceeding from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-7101678-N and F-7101679-N**

## MEMORANDUM OPINION
Before Justices Bridges, Myers, and Whitehill
Opinion by Justice Myers

Before the Court is relator's September 19, 2016 petition for writ of mandamus. Relator's petition for writ of mandamus was filed in reference to three separate trial court cause numbers and was docketed in this Court as cause numbers 05-16-01109-CV, 05-16-01110-CV, and 05-16-01111-CV. It has come to the Court's attention that the opinion and order denying the petition for writ of mandamus in cause number 05-16-01109-CV on September 28, 2016 did not include cause numbers 05-16-01110-CV and 05-16-01111-CV in its caption. These proceedings, therefore, remain pending. We issue this opinion and accompanying order to correct that error and dispose of these proceedings.

Mandamus relief is appropriate in a criminal case only when a relator establishes (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to

compel is a ministerial act, not a discretionary or judicial decision. *In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim. App. 2015) (orig. proceeding). Relator asks this Court to direct the trial court to rule on his motion for nunc pro tunc. A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). But a court may act only if permitted to do so by constitutional provision, statute, or common law, or if the power to take the action arises from an inherent or implied power vested in the court. *State v. Johnson*, 821 S.W.2d 609, 612 (Tex. Crim. App. 1991). The trial court lacks such authority here.

A motion for nunc pro tunc is intended to correct a clerical error in a judgment and may not be used to correct judicial errors. *See, e.g., State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). An error is judicial when it is made in rendering judgment. *Tex. Dep't of Public Safety v. Moore*, 51 S.W.3d 355, 358 (Tex. App.——Tyler 2001, no pet.). For example, a trial court's decision to cumulate a defendant's sentences is a judicial determination that may not be made through a nunc pro tunc order. *See Ex parte Madding*, 70 S.W.3d 131, 135 n. 8 (Tex. Crim. App. 2002) (improper cumulation order is due-process error, not "mere clerical error"); *see also State v. Schmitt*, No. 05-10-00337-CR, 2011 WL 1126044, at *2 (Tex. App.—Dallas Mar. 24, 2011), *aff'd*, PD-0594-11, 2012 WL 3996813 (Tex. Crim. App. Sept. 12, 2012) (vacating trial court's nunc pro tunc order that deleted the cumulative nature of sentences and directed the sentences to run concurrently because that change modified a judicial determination and was not correcting a clerical error).

Here, relator's motion for judgment nunc pro tunc does not seek correction of a clerical error but rather seeks to have two of three life sentences set aside based on relator's contention that the consecutive sentences were not authorized by law. That request is a request for

correction of an alleged judicial error and is, in substance, an application for post-conviction habeas corpus relief, and the trial court does not have jurisdiction to grant the relief requested. *See Schmitt*, 2011 WL 1126044, at *2; *see also In re Smith*, 366 S.W.3d 268, 270–71 (Tex. App.—Tyler 2012, orig. proceeding). Only the court of criminal appeals has jurisdiction to grant post-conviction habeas corpus relief. *Ex parte Williams*, 561 S.W.2d 1, 2 (Tex. Crim. App. 1978) (orig. proceeding).

Because the trial court does not have jurisdiction to rule on relator's motion, the motion cannot be categorized as "properly filed." *See In re Frankie L. Hogg–Bey*, No. 05–15–01421–CV, 2015 WL 9591997, at *1 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op.). Moreover, because the trial court does not have jurisdiction to rule on the motion, it logically follows that it does not have a ministerial duty to rule on the motion. *See Smith*, 366. S.W.3d at 270–71. Accordingly, relator has not shown that he is entitled to mandamus relief. *See In re Wilkerson*, No. 05-16-00043-CV, 2016 WL 308658, at *1–2 (Tex. App.—Dallas Jan. 26, 2016, orig. proceeding) (mem. op.) (denying petition asking court to direct trial court to rule on nunc pro nunc where trial court did not have jurisdiction to rule because nunc pro tunc motion sought substantive change to judgment of conviction).

Accordingly, we deny relator's petition for writ of mandamus.

/Lana Myers/
LANA MYERS
JUSTICE

161110.P05