# NO. 12-18-00210-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *THOMAS LEE SWAN,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
### PER CURIAM

Thomas Lee Swan, acting pro se, filed this original proceeding in which he challenges the dismissal of his application to convene a Court of Inquiry under Article 52 of the Texas Code of Criminal Procedure.[1]  We deny the writ.

## PREREQUISITES TO MANDAMUS

To obtain mandamus relief, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision).  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  If the relator fails to satisfy either prong of this test, mandamus relief should be denied.  *Id*.

## AVAILABILITY OF MANDAMUS

According to Relator's petition, he sought a Court of Inquiry to "initiate an investigation into acts performed by state officials that constitute offenses against the peace and dignity of the State of Texas."  Attached to Relator's petition is (1) a September 25, 2017 letter from Judge Olen Underwood, the acting presiding judge of the Eleventh Administrative Judicial Region of

---

[1] Respondent is the Honorable Michael C. Davis, Judge of the 369th District Court in Anderson County, Texas.

Texas, stating, in part, that a Court of Inquiry may only be initiated by a district judge, and (2) an October 26, 2017 letter from Clay Bowman, court administrator for the Harris County district courts, which stated, in part, that an application for a Court of Inquiry must be made to a district judge. Relator's supplement to his petition contains an order in which Respondent dismissed his application for a Court of Inquiry as frivolous or malicious under Chapter 14 of the Texas Civil Practice and Remedies Code.[2] In this original proceeding, Relator seeks an order directing Respondent to act as a magistrate and review his application, witnesses, and evidence under Article 52.01 "for cause that a crime or crimes have been committed against the peace and dignity of the State."

When a district court judge, acting in his capacity as magistrate, has probable cause to believe that an offense has been committed against the laws of Texas, he *may* request that the presiding judge of the administrative judicial district appoint a district judge to commence a Court of Inquiry. TEX. CODE CRIM. PROC. ANN. art. 52.01(a) (West 2018). Thus, whether to convene a Court of Inquiry is a discretionary matter. *In re Cepeda*, No. 14-17-00139-CR, 2017 WL 3612253, at *1 (Tex. App.—Houston [14th Dist.] Aug. 22, 2017, orig. proceeding) (mem. op., not designated for publication); *In re Bowers*, No. 11-12-00099-CR, 2012 WL 1380935, at *1 (Tex. App.—Eastland Apr. 19, 2012, orig. proceeding) (mem. op., not designated for publication). The law does not require the judge to request a Court of Inquiry even if he finds that probable cause of an offense exists. *In re Bowers*, 2012 WL 1308935, at *1.

Accordingly, Respondent was not required to grant Relator's application for a Court of Inquiry and this Court cannot order Respondent to do so. *See* ***Young***, 236 S.W.3d at 210. Because the commencement of a Court of Inquiry is a discretionary function, Relator has failed to satisfy his burden of demonstrating that Respondent violated a ministerial duty by failing to commence a Court of Inquiry. *See* ***id.***; *see also* ***In re Cepeda***, 2017 WL 3612253, at *1; ***In re Bowers***, 2012 WL 1380935, at *1.

---

[2] This Court previously addressed a petition for writ of mandamus challenging a trial court's failure to rule on a motion for a Court of Inquiry. *See* ***In re Smith***, 366 S.W.3d 268 (Tex. App.—Tyler 2012, orig. proceeding). In that case, the object of relator's motion was to attack the validity of his final felony convictions and was essentially a request for habeas relief. ***Id***. at 270. Because the motion was, in substance, an application for postconviction writ of habeas corpus, the trial court had no jurisdiction to rule on it. ***Id***. In the present case, Relator's application challenges the conduct of certain state officials as crimes against the peace and dignity of the State. He does not appear to attack the validity of his conviction.

## DISPOSITION

Because Relator cannot show an entitlement to mandamus relief, we ***deny*** his petition for writ of mandamus.

Opinion delivered August 8, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

AUGUST 8, 2018

NO. 12-18-00210-CV

**THOMAS LEE SWAN,**
Relator
V.

**HON. MICHAEL C. DAVIS,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Thomas Lee Swan; who is the relator in Cause No. DCCV-375-369, pending on the docket of the 369th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on July 25, 2018, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*