**DISMISSED and Opinion Filed October 27, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-20-00836-CV**
**No. 05-20-00837-CV**
**No. 05-20-00838-CV**
**No. 05-20-00840-CV**

## IN RE LAWRENCE MAURICE HILL, Relator

**Original Proceedings from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F15-00455-Y,**
**F15-00465-Y, F15-00732-Y & F15-14841-Y**

## MEMORANDUM OPINION
Before Justices Osborne, Reichek, and Browning
Opinion by Justice Reichek

In these original proceedings, Lawrence Maurice Hill has filed an original

application for writ of habeas corpus challenging his confinement in county jail.[1] In

his habeas application, relator complains he has been arrested pursuant to a scheme

by police, magistrates, prosecutors, and judges to extort money from him as fines

---

[1] In these cases, relator was convicted of three offenses of attempted burglary of a habitation and one offense of attempted theft of property. *See Hill v. State*, No. 05-16-00933-CR, 2016 WL 6835715, at *1 (Tex. App.—Dallas Nov. 4, 2016, no pet.) (mem. op., not designated for publication). He was placed on deferred adjudication community supervision for three years. *Id.* Although unofficial, we note that the Dallas County District Clerk's website shows relator was discharged from community supervision on October 14, 2020.

and fees in violation of his right to due process of law. Relator further alleges improprieties in connection with his examining trial and plea negotiations. Relator requests that the Court petition the local administrative judge to conduct a Court of Inquiry,[2] and he requests the Court to order officials to appear in court for an evidentiary hearing.

We do not have jurisdiction to consider an original application for writ of habeas corpus filed in a criminal proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; TEX. GOV'T CODE ANN. § 22.221(d); *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

Accordingly, we dismiss the original proceedings for want of jurisdiction, and we deny relief on relator's October 12, 2020 motion to lift and recall his arrest warrant and/or reduce his bond.

/Amanda L, Reichek
AMANDA L. REICHEK
JUSTICE

200836F.P05

---

[2] When a district judge, acting in his capacity as a magistrate, has probable cause to believe an offense has been committed, the district judge may request that the presiding judge of the administrative judicial district appoint a district judge to commence a Court of Inquiry to investigate the suspected offense. *See* TEX. CODE CRIM. PROC. ANN. art. 52.01(a); *In re Smith*, 366 S.W.3d 268, 270 (Tex. App.—Tyler 2012, orig. proceeding).