# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00533-CR

---

### In re Michael Richard Barrera

---

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 21-1836-K277, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Relator Michael Richard Barrera filed a pro se notice of appeal that we construe as a petition for writ of mandamus, in which he seeks to "appeal" the trial court's failure to rule on his pro se pretrial application for writ of habeas corpus. *See Ex parte Caldwell*, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000) (observing that it is substance of filing, not title, that governs); *In re Smith*, 366 S.W.3d 268, 270 (Tex. App.—Tyler 2012, no pet.) (construing motion for court of inquiry as request for habeas relief); *In re Richardson*, No. 04-22-00065-CR, 2022 WL 465405, at *1 (Tex. App.—San Antonio Feb. 16, 2022, no pet.) (mem. op., not designated for publication) (construing notice of appeal as petition for writ of mandamus). The record shows that Barrera retained counsel in the underlying proceeding, and nothing in the record suggests that his counsel has since withdrawn or that the trial court has authorized hybrid representation.[1]

Barrera has no right to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *In re West*, 419 S.W.3d 312, 312 (Tex. App.—

---

[1] *See Robinson v. State*, 240 S.W.3d 919, 921 (Tex. Crim. App. 2007) (defining "hybrid representation" as "representation partly by counsel and partly by self").

Amarillo 2009, no pet.) ("Relator is not entitled to hybrid representation here or in the trial court."). Because his pro se petition for writ of mandamus relates directly to a criminal proceeding in which he is represented by counsel, the petition presents nothing for our consideration.[2] *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *West*, 419 S.W.3d at 312–13; *In re Flanigan*, 578 S.W.3d 634, 637 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *In re Pope*, No. 04-19-00108-CR, 2019 WL 1050431, at *1 (Tex. App.—San Antonio Mar. 6, 2019, no pet.) (per curiam) (mem. op., not designated for publication); *see also Robinson*, 240 S.W.3d at 922 (concluding that "a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel"). Barrera has not shown that he is no longer represented by counsel. Accordingly, his pro se petition for writ of mandamus is dismissed.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana, Smith

Filed: October 5, 2022

Do Not Publish

---

[2] "[E]ven when an appeal is pending, we have no authority to order a trial judge to rule on pretrial motions filed by a defendant attempting to act pro se when the defendant is represented by counsel." *In re Heaney*, No. 03-16-00491-CV, 2016 WL 4272125, at *1 (Tex. App.—Austin Aug. 9, 2016, no pet.) (mem. op.).

2