# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00187-CV

---

**In re Marcus Roane**

---

### ORIGINAL PROCEEDING FROM BELL COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Marcus Roane, an inmate from Bell County, has filed a petition for writ of mandamus asserting that he previously filed a pro se application for writ of habeas corpus with the trial court, that he alleged in his habeas application that the criminal case against him should be dismissed due to violations of his constitutional rights, and that his habeas application has not been timely ruled on. Accordingly, Roane asks this Court to grant his mandamus petition and order the trial court to dismiss the charges against him. Having reviewed the petition and the record provided, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

Under the Rules of Appellate Procedure, a relator must comply with certain requirements in order to be granted the relief requested, including providing a sufficient record. *Id.* R. 52.7(a); *see id.* R. 52.1-52.11; *see also Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (noting that relator has burden of showing his entitlement to mandamus relief). In particular, the relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"

and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7. Although Roane attached to his petition a case summary for the trial proceedings below ostensibly showing that he filed with the trial court a pro se application for writ of habeas corpus, he has not included a file-stamped copy of the pending application or any other document material to his claims. *In re Smith*, No. 03-14-00478-CV, 2014 WL 4079922, at \*2 (Tex. App.—Austin Aug. 13, 2014, orig. proceeding) (mem. op.) (denying mandamus relief when relator failed to provide sufficient record). Further, although the case summary indicates that Roane may have sent the trial court clerk inquiries about his habeas application, no copies of those inquiries were included in the record accompanying the mandamus petition. *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (observing that "mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion").

Additionally, to establish an abuse of discretion concerning the trial court's alleged failure to rule, Roane must establish, among other things, that the trial court had a legal duty to rule on his motion. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The case summary Roane provided indicates that he had appointed counsel at the time that he filed his habeas application and continues to be represented. If an accused is represented by counsel, the trial court is not required to rule on pro se filings. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Accordingly, Roane would not be able to establish that the trial court abused its discretion by failing to rule on his pro se habeas application. *See In re Napoleon*, No. 04-09-00235-CR, 2009 WL 1411168, at \*1 (Tex. App.— San Antonio May 20, 2009, orig. proceeding) (per curiam) (mem. op.); *see also In re West*,

2

419 S.W.3d 312, 312-13 (Tex. App.—Amarillo 2009, orig. proceeding) (concluding that pro se petition for writ of mandamus relating to criminal proceeding presented nothing for appellate court to review because defendant was represented by counsel).

For these reasons, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, Crump

Filed:   March 20, 2025