# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00421-CV

---

### In re Shawn Anthony Vellier

---

### ORIGINAL PROCEEDING FROM BELL COUNTY

---

### M E M O R A N D U M   O P I N I O N

Shawn Anthony Vellier has filed a pro se application for pretrial writ of habeas corpus claiming that his constitutional rights have been violated because he has been denied bail after being incarcerated for more than 90 days. Vellier requests that this Court order him released on a personal recognizance bond.

This Court's original jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. Tex. Gov't Code § 22.221(d). Original jurisdiction to grant a pretrial writ of habeas corpus is vested in the Court of Criminal Appeals, the district court, the county courts, or a judge of those courts. *See* Tex. Code Crim. Proc. art. 11.05; *see also id.* art. 11.08 (person confined after indictment of felony "may apply to the judge of the court in which he is indicted"); *Fairchild v. State*, Nos. 03-20-00354—00357-CR, 2020 WL 5608480, at *1 n.1 (Tex. App.—Austin Sept. 18, 2020, no pet.) (mem. op., not designated for publication) (noting that reviewing courts can consider on appeal complaints challenging ruling denying application for writ of habeas corpus requesting release on persona bond); *In re Wood*,

No. 03-16-00651-CV, 2016 WL 6575240, at *1 (Tex. App.—Austin Nov. 2, 2016, orig. proceeding) (mem. op.) (noting that for criminal matters, "our habeas corpus jurisdiction is appellate only").

In his application, Vellier also asserts that he filed a pro se application for writ of habeas corpus with the trial court but that the application has not been ruled on or heard, and he attached a copy of the prior application indicating that it was filed in the trial court clerk's office on April 14, 2025. Even construing the application filed here as also requesting mandamus relief compelling the trial court to rule on the earlier application, we would be unable to grant the relief requested. *See* Tex. R. App. P. 52.1-.11 (governing original proceedings in courts of appeals); *see also Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (explaining that appellate courts look to substance of filing, not its title, to determine relief sought).

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). The "[r]elator bears the burden to properly request and show entitlement to mandamus relief." *In re Carrington*, 438 S.W.3d 867, 868 (Tex. App.—Amarillo 2014, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (noting that pro se petitioner for writ of mandamus "must show himself entitled to the extraordinary relief he seeks"). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *see also* Tex. R. App. P. 52.7(a) (requiring relator to file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), .3(k) (specifying required contents for appendix). To establish an abuse of discretion for failure to rule, relator must show that: (1) the trial court had a legal duty to rule on his motion, (2) he made a demand

2

for the trial court to rule, and (3) the trial court failed or refused to rule within a reasonable time. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Although Vellier included a copy of his habeas application that he sent to the trial court, nothing in that application or his filing with this Court indicates that he brought his application to the attention of the trial court or otherwise notified the trial court of the need to rule upon his application. *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (observing that mandamus record failed to establish that relator requested ruling or called motion to trial court's attention and that "mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion"); *see also In re Chavez*, 62 S.W.3d at 228 (noting that information known to trial court clerk "is not imputed to the trial court" and that simply alleging that something was mailed to trial court clerk does not prove that trial court received notice of filing). Unless it is shown that the trial court was made aware of the need to act, we cannot say it failed to act, and the latter is a condition to obtaining relief via mandamus. *In re Smith*, 279 S.W.3d 714, 715-16 (Tex. App.—Amarillo 2007, orig. proceeding).

In any event, Vellier's filing demonstrates that he would not have been entitled to relief from the trial court because the trial court did not have a legal duty to rule on his application. *See In re Chavez*, 62 S.W.3d at 228. The trial court clerk has confirmed that Vellier is represented by counsel. If an accused is represented by counsel, the trial court is not required to rule on pro se filings. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Accordingly, Vellier cannot establish that the trial court abused its discretion by failing to rule on his pro se habeas application. *See In re Napoleon*, No. 04-09-00235-CR, 2009 WL 1411168, at *1 (Tex. App.—San Antonio May 20, 2009, orig. proceeding) (per curiam) (mem. op., not

3

designated for publication); *see also In re West*, 419 S.W.3d 312, 312-13 (Tex. App.—Amarillo 2009, orig. proceeding) (concluding that pro se petition for writ of mandamus relating to criminal proceeding presented nothing for appellate court to review because defendant was represented by counsel).

For these reasons, we dismiss Vellier's application for writ of habeas corpus for want of jurisdiction.

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Filed:   June 20, 2025

4